**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X

JESUS LEBRON,                                                    **SUMMONS**

                              Plaintiff,

              -against-                                          INDEX NO. 806875/2022E

MYKOLA LOZOVYI, SERGEI TARASENKO a/k/a          FILED ON: 05/04/22
SERGHEI TARASENCO and GL GROUP INC,

                              Defendants.
-----------------------------------------------------------------------X

**TO THE ABOVE NAMED DEFENDANT(S):**

          **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to
serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice
of appearance, on the plaintiff's attorney, within twenty (20) days after the service of this summons,
exclusive of the day of service (or within thirty (30) days after service is complete if this summons
is not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

          The basis of the venue designated is the **place of the occurrence.**

DATED:          New York, New York
                May 4, 2022

                                        Yours, etc.
                                        GARBER LEGAL PLLC

                                        By: _____
                                        GREG GARBER, ESQ.
                                        Attorney for Plaintiff
                                        143 W. 29th Street - 5th Floor
                                        New York, N.Y. 10001
                                        (212) 779-2740

Defendants' Addresses:
MYKOLA LOZOVYI
13036 BLAKESLEE DR
PHILADELPHIA, PA 19116

SERGEI TARASENKO a/k/a SERGHEI TARASENCO
11304 GLENBROOK CIR
PLAINFIELD, IL 60585

GL GROUP INC
2242 HALSTEAD CT
AURORA, IL 60503

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X       INDEX NO. 806875/2022E
JESUS LEBRON,

                              Plaintiff,

              -against-                          **VERIFIED
COMPLAINT**

MYKOLA LOZOVYI, SERGEI TARASENKO a/k/a
SERGHEI TARASENCO and GL GROUP INC,

                            Defendants.
-------------------------------------------------------------------X

        Plaintiff, by his attorney, GARBER LEGAL PLLC, complaining of the above
named defendants respectfully alleges upon information and belief as follows:

**AS AND FOR A FIRST CAUSE OF ACTION
<u>PLAINTIFF JESUS LEBRON ALLEGES:</u>**

        1.      That at all times hereinafter mentioned, plaintiff was and still is a resident
of the County of Bronx, City and State of New York.

        2.      That at all times hereinafter mentioned, defendant, GL GROUP INC, was a
domestic corporation duly organized and existing under and by virtue of the laws of the State of
New York.

        3.      That at all times hereinafter mentioned, defendant, GL GROUP INC was a
domestic corporation doing business in the State of New York with a place of business in the State
of New York.

        4.      That at all times hereinafter mentioned, defendant, GL GROUP INC was a
duly organized foreign corporation authorized to do business in the State of New York and
transacting business in the State of New York.

        5.      That at all times hereinafter mentioned, defendant, GL GROUP INC was a
foreign corporation transacting business in the State of New York with a place of business in the
State of New York.

6.     That on the 21st day of December, 2021, the defendant, SERGEI TARASENKO a/k/a SERGHEI TARASENCO owned a motor vehicle bearing License No. P994647, IL.

7.     That on the 21st day of December, 2021, the defendant, GL GROUP INC owned a motor vehicle bearing License No. P994647, IL.

8.     That on the 21st day of December, 2021, the defendant, MYKOLA LOZOVYI operated the said motor vehicle bearing License No. P994647, IL.

9.     That on the 21st day of December, 2021, the defendant, MYKOLA LOZOVYI, reserved unto himself the management and control of the aforesaid motor vehicle.

10.     That on the 21st day of December, 2021, the defendant, MYKOLA LOZOVYI, operated the said motor vehicle, bearing License No. P994647, IL, with the knowledge, permission and consent of defendant SERGEI TARASENKO a/k/a SERGHEI TARASENCO.

11.     That on the 21st day of December, 2021, the defendant, MYKOLA LOZOVYI, operated the said motor vehicle, bearing License No. P994647, IL, with the knowledge, permission and consent of defendant GL GROUP INC.

12.     That on the 21st day of December, 2021, the defendant, MYKOLA LOZOVYI, was employed by defendant, SERGEI TARASENKO a/k/a SERGHEI TARASENCO.

13.     That on the 21st day of December, 2021, the defendant, MYKOLA LOZOVYI, was employed by defendant, GL GROUP INC.

14.     That on the 21st day of December, 2021, the defendant, MYKOLA LOZOVYI, operated the said motor vehicle, bearing License No. P994647, IL, within the scope of his employment for defendant SERGEI TARASENKO a/k/a SERGHEI TARASENCO.

15.     That on the 21st day of December, 2021, the defendant, MYKOLA LOZOVYI, operated the said motor vehicle, bearing License No. P994647, IL, within the scope of his employment for defendant GL GROUP INC.

16.     That on the 21st day of December, 2021, the defendant, MYKOLA LOZOVYI, was the lessor of the aforementioned motor vehicle bearing License No. P994647, IL.

17.     That on the 21st day of December, 2021, the defendant, SERGEI TARASENKO a/k/a SERGHEI TARASENCO was the lessor of the aforementioned motor vehicle bearing License No. P994647, IL.

18.     That on the 21st day of December, 2021, the defendant, GL GROUP INC was the lessor of the aforementioned motor vehicle bearing License No. P994647, IL.

19.     That on the 21st day of December, 2021, the defendant, MYKOLA LOZOVYI, was the lessee of the aforementioned motor vehicle bearing License No. P994647, IL.

20.     That on the 21st day of December, 2021, the defendant, SERGEI TARASENKO a/k/a SERGHEI TARASENCO was the lessee of the aforementioned motor vehicle bearing License No. P994647, IL.

21.     That on the 21st day of December, 2021, the defendant, GL GROUP INC was the lessee of the aforementioned motor vehicle bearing License No. P994647, IL.

22.     That at all times hereinafter mentioned, the defendant, MYKOLA LOZOVYI, leased and/or rented the aforementioned motor vehicle bearing License No. P994647, IL from the defendant SERGEI TARASENKO a/k/a SERGHEI TARASENCO.

23.     That at all times hereinafter mentioned, the defendant, MYKOLA LOZOVYI, leased and/or rented the aforementioned motor vehicle bearing License No. P994647, IL from the defendant GL GROUP INC.

24.     That at all times hereinafter mentioned, the defendant, SERGEI TARASENKO a/k/a SERGHEI TARASENCO., leased and/or rented the aforementioned motor vehicle bearing License No. P994647, IL from the defendant GL GROUP INC.

25.     That at all times hereinafter mentioned, the defendant, GL GROUP INC, leased and/or rented the aforementioned motor vehicle bearing License No. P994647, IL from the defendant SERGEI TARASENKO a/k/a SERGHEI TARASENCO.

26.     That at all times hereinafter mentioned, there existed an agreement between defendant MYKOLA LOZOVYI and defendant, SERGEI TARASENKO a/k/a SERGHEI TARASENCO relative to the ownership, operation, maintenance, management and control of the aforesaid motor vehicle bearing License No. P994647, IL.

27.     That at all times hereinafter mentioned, there existed an agreement between defendant MYKOLA LOZOVYI and defendant, GL GROUP INC relative to the ownership, operation, maintenance, management and control of the aforesaid motor vehicle bearing License No. P994647, IL.

28.     That at all times hereinafter mentioned, there existed an agreement between

defendant SERGEI TARASENKO a/k/a SERGHEI TARASENCO and defendant, GL GROUP INC relative to the ownership, operation, maintenance, management and control of the aforesaid motor vehicle bearing License No. P994647, IL.

29.    That on the 21st day of December, 2021, plaintiff JESUS LEBRON operated a motor vehicle bearing license number JKE6988, New York, owned by PV Holding Corp.

30.    That at all times hereinafter mentioned, Tiffany Street and East Bay Avenue, County of Bronx, City and State of New York were and still are public highways and/or thoroughfares.

31.    That on or about the 21st day of December, 2021, the motor vehicle operated by the defendant, MYKOLA LOZOVYI, bearing license number P994647, IL, and the motor vehicle operated by the plaintiff JESUS LEBRON, bearing license number JKE6988, New York, were in contact.

32.    That on or about the 21st day of December, 2021, while plaintiff was lawfully operating a motor vehicle said plaintiff was caused to be severely injured due to the negligence, culpable conduct, carelessness and recklessness of the defendants in the ownership, operation, management, control and maintenance of the aforesaid motor vehicle.

33.    That by reason of the foregoing, plaintiff was caused to and did sustain severe, painful and serious personal injuries in and throughout the head, limbs and body; became sick, sore, lame and disabled; was caused to suffer scars, contusions, abrasions, lacerations and sprains; was caused to suffer a severe shock throughout the nervous system and certain internal injuries; was caused to suffer and still continues to suffer great physical pain, mental anguish and bodily injuries; was confined to bed and home for a long period of time; was compelled to undergo hospital and medical aid, treatment and attention and to expend diverse sums of money for same; has been prevented from engaging in said plaintiff's usual occupation and activities for a long period of time, all with attendant losses and since some of said injuries are of a permanent and long lasting nature, and upon information and belief, will continue to suffer continuous pain, suffering, inconvenience, loss of enjoyment of life, and damage in the future.

34.    That all of the foregoing occurred solely as a result of the carelessness, recklessness, culpable conduct and negligence of the defendants jointly, as well as severally, in the

ownership, operation, management, maintenance and control of the aforesaid motor vehicle; in that the said vehicle was operated at a high, excessive, illegal and dangerous rate of speed; in that the defendants failed to take cognizance of plaintiff who was lawfully upon the aforesaid highway and/or thoroughfare; in failing to apply the brakes in time to avoid forcibly striking the motor vehicle which said plaintiff was operating; in failing to observe plaintiff's vehicle; in failing to observe what was there to be seen; in causing the aforementioned motor vehicle to actually come into violent and physical contact with the motor vehicle which said plaintiff was operating; in placing said plaintiff in a dangerous and perilous condition while lawfully on the aforesaid public highway and/or thoroughfare; in endangering the life and limb of all motorists traversing thereon and thereat, and more particularly said plaintiff; in failing to observe the rules of the road; in failing to have said motor vehicle in proper condition; in driving carelessly; in failing to keep a lookout; in failing to have the vehicle in proper working condition; in maintaining, controlling and operating the said motor vehicle in such a careless manner as to strike the motor vehicle which said plaintiff was operating, thereby causing said plaintiff to sustain severe injuries; in failing to train and hire competent personnel; in failing to inspect, maintain and repair said vehicle; in negligently entrusting the vehicle to persons unsuitable and/or unfit to drive; and in that defendants violated the regulations, ordinances and statutes of the City of New York and/or State of New York; and in other ways acted in a careless, reckless and negligent manner.

35.     That pursuant to §388 of the Vehicle and Traffic Law of the State of New York and under common law of this State, the defendant SERGEI TARASENKO a/k/a SERGHEI TARASENCO, as the owner of the motor vehicle bearing License No. P994647, IL is vicariously liable to the plaintiff for the negligence, carelessness and recklessness of defendant MYKOLA LOZOVYI in the operation, use and control of the aforesaid motor vehicle.

36.     That pursuant to §388 of the Vehicle and Traffic Law of the State of New York and under common law of this State, the defendant GL GROUP INC, as the owner of the motor vehicle bearing License No. P994647, IL is vicariously liable to the plaintiff for the negligence, carelessness and recklessness of defendant MYKOLA LOZOVYI in the operation, use and control of the aforesaid motor vehicle.

37.     That by reason of the foregoing, plaintiff has sustained serious injuries within the purview of and as defined by Section 5102(d) of the Insurance Law of the State of New

York.

38.     That by reason of the foregoing, the injuries sustained by plaintiff have resulted in economic loss greater than basic economic loss, as defined in Section 5102 of the Insurance Law of the State of New York.

39.     That the limitations of liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exceptions set forth in CPLR Section 1602.

40.     That the amount of said damages sustained by the plaintiff as a result of the aforesaid serious personal injuries and pecuniary loss are in a substantial sum of money to be determined by the court and jury.

41.     That the amount of said damages sustained by the plaintiff as a result of the aforesaid exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this action.


**WHEREFORE**, plaintiff, JESUS LEBRON, demands judgment against the defendants on the First Cause of action in an amount which exceeds the jurisdiction limits of all lower courts which would otherwise have jurisdiction over this action, together with interest, costs and disbursements to this action.

DATED:       New York, New York
             May 4, 2022


Yours, etc.
GARBER LEGAL PLLC

By: _____
GREG GARBER, ESQ.
Attorney for Plaintiff
143 W. 29th Street - 5th Floor
New York, N.Y. 10001
(212) 779-2740

## <u>ATTORNEY VERIFICATION</u>

       I, the undersigned an attorney admitted to practice in the Courts of the State of New York, state that I am the principal of the law firm of GARBER LEGAL PLLC., the attorney of record for the plaintiff, JESUS LEBRON in the within action; I have read the foregoing SUMMONS AND VERIFIED COMPLAINT, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe them to be true.  The reason this verification is made by me and not the plaintiff is that the plaintiff resides in a county other than where your affirmant maintains his law office.

       The grounds of my belief, as to all matters not stated upon my own knowledge are as follows: review of file.

       I affirm that the foregoing statements are true under penalties of perjury.


DATED:    New York, New York
          May 4, 2022


                            _____
                            GREG GARBER, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------X     **Index No.**
JESUS LEBRON,

                                Plaintiff(s),

                                                **CERTIFICATION**

        -against-

MYKOLA LOZOVYI, SERGEI TARASENKO a/k/a
SERGHEI TARASENCO and GL GROUP INC,

                               Defendant(s).
--------------------------------------------------------------------X

      GREG GARBER, ESQ., an attorney duly admitted to practice law before the Courts of the

State of New York, hereby certifies in accordance with 22 NYCRR Part 130-1.1-a of the Rules of

the Chief Administrator that to the best of my knowledge, information and belief, which was

formed upon personal knowledge of the facts and events that occurred and after a reasonable

inquiry under the circumstances, the presentation of the SUMMONS AND VERIFIED

COMPLAINT and its contents are not frivolous, as the term is defined in Part 130.


DATED:      New York, New York
                May 4, 2022


                                          Yours, etc.
                                          GARBER LEGAL PLLC

                                          By: _____
                                          GREG GARBER, ESQ.
                                          Attorney for Plaintiff
                                          143 W. 29th Street - 5th Floor
                                          New York, N.Y. 10001
                                          (212) 779-2740

**INDEX NO. 806875/2022E**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

JESUS LEBRON,

                                   Plaintiff(s),

            -against-


MYKOLA LOZOVYI, SERGEI TARASENKO a/k/a
SERGHEI TARASENCO and GL GROUP INC,


                                   Defendant(s).

---

## SUMMONS AND VERIFIED COMPLAINT

---

GARBER LEGAL PLLC
Attorney for Plaintiff
143 W. 29th Street - 5th Floor
New York, NY 10001
(212) 779-2740

---

Signature Pursuant to Rule 130.1.1.-a


_____
GREG GARBER, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X          INDEX NO. 806875/2022E
JESUS LEBRON,

                                        Plaintiff(s),

                    -against-


MYKOLA LOZOVYI, SERGEI TARASENKO a/k/a
SERGHEI TARASENCO and GL GROUP INC,


                                        Defendant(s).
-------------------------------------------------------------------X

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)


**You have received this Notice because**:

    1)    The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York

State Courts e-filing system, and

    2)    You are a Defendant/Respondent (a party) in this case.

**If you are represented by an attorney**:
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

**If you are not represented by an attorney**:
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

**If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- pay any court fees on-line (credit card needed).


**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or

- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at **www.nycourts.gov**

To find legal information to help represent yourself visit **www.nycourthelp.gov**


Page 1 of 2

**Information for Attorneys**

**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site **www.nycourts.gov/efile**; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operated such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile  or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

DATED:        New York, New York
                     May 4, 2022

                                              Yours, etc.
                                              GARBER LEGAL PLLC

                                              By: _____
                                              GREG GARBER, ESQ.
                                              Attorney for Plaintiff
                                              143 W. 29th Street - 5th Floor
                                              New York, N.Y. 10001
                                              (212) 779-2740
                                              Email: GREG@GARBERLEGAL.COM

Defendants' Addresses:
MYKOLA LOZOVYI
13036 BLAKESLEE DR
PHILADELPHIA, PA 19116

SERGEI TARASENKO a/k/a SERGHEI TARASENCO
11304 GLENBROOK CIR
PLAINFIELD, IL 60585

GL GROUP INC
2242 HALSTEAD CT
AURORA, IL 60503