UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS LEBRON,

                      Plaintiff,

-against-

MYKOLA LOZOVYI, et al.,

                      Defendants.

1:22-cv-08027 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

On September 20, 2022, this action was removed from the Supreme Court of New York, Bronx County, by Defendants. *See* ECF No. 1 ("Notice of Removal"). Defendants assert that jurisdiction in this Court is proper by reason of diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1). *See id*. ¶ 6.

Defendants allege that Plaintiff "is and was citizens" of New York State. *Id.* ¶ 2. Defendants allege that Defendant Mykola Lozovyi "resides" in Pennsylvania and appears to allege that Defendant Sergei Tarasenko resides in Florida. *See id*. ¶ 3. Defendant further alleges that Defendant GL Group Inc. is "an Illinois Corporation with a principal place of business in Illinois." *Id.* ¶ 3. Plaintiff alleges, in its Verified Complaint, that GL Group is "duly organized and existing under and by virtue of the laws of the State of New York" and has "a place of business in the State of New York." ECF No. 1-1 at 2.

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. . . [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019). "[E]vidence of *residence* is

insufficient to establish domicile." *Id*. at 54.  *See Lue v. JPMorgan Chase & Co.*, No. 21-892, 2022 WL 1146219, at *1 (2d Cir. Apr. 19, 2022) (same).  "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)).  In the present case, the Notice of Removal fails to allege adequately the citizenship of the parties.

Accordingly, it is hereby ORDERED that, **on or before October 6, 2022**, the parties shall file on ECF a joint letter, supported by one or more sworn affidavits, stating the citizenship of the Plaintiff and each of the three Defendants for jurisdictional purposes.  If, by that date, the parties are unable to allege a good-faith basis for complete diversity of citizenship, the action will be remanded to the Supreme Court of New York, Bronx County, without further notice to the parties.

Finally, Defendants are directed to, **within two business days of this Order**, serve on Plaintiff a copy of this Order and file proof of such service on the docket.  Counsel for Plaintiff is directed to file a notice of appearance on the docket **within two business days of such service**.

SO ORDERED.

Dated:   September 22, 2022
         New York, New York

JENNIFER L. ROCHON
United States District Judge